IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RANDY T. 3THOMAS, )
)
        Plaintiff, )
)
v. ) Case No. 3:19-cv-00162-HEH
)
PETERSBURG UTILITY LINES )
WATER DEPT., *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This matter is before the Court on Defendants'[1]—Petersburg Utility Lines Water Department ("Petersburg Water Dept."), Kimberly Robertson, Anthony Williams, Jim Reed, and Sergeant Hall ("Defendants")—Motion to Dismiss for Failure to State a Claim (the "Motion"), filed on July 1, 2019 (ECF No. 15). Randy 3Thomas ("Plaintiff") filed the Complaint, *pro se*, on May 29, 2019, alleging that he was wrongfully terminated from his employment at Petersburg Water Dept. (ECF No. 4). In their Motion, Defendants contend that Plaintiff fails to state a claim upon which relief can be granted, and that Petersburg Water Dept. is an improper party. In response, Plaintiff reasserts that he was wrongfully fired, but provides no further supporting facts. For the reasons stated herein, Defendants' Motion will be granted.

---

[1] Defendants Elsie Jarmon and Steve Stanson were not served with process. Because more than 90 days have passed since Plaintiff's filing of the Complaint, the time for service has elapsed as to these Defendants. Fed. R. Civ. P. 4(m).

## I. FACTS

Plaintiff alleges he sustained a severe injury to his back, requiring a doctor's care from January to April 2017 (ECF No. 4 at 7, 9). Plaintiff further alleges that his constitutional rights "were broken" when he was fired from his job in March 2017 while under a doctor's care, in violation of the Family and Medical Leave Act ("FMLA"). (*Id.* at 8.) Plaintiff asserts he had "the right documents from F.M.L.A. and [his] doctor" to qualify for FMLA protections. (*Id.* at 6.) Plaintiff alleges that he was fired from his job at Petersburg Water Dept. following a two-to-one vote against him by a "panel board." (*Id.*) Notably, it is unclear from the Complaint whether Plaintiff was allegedly denied FMLA leave and subsequently fired, or whether he allegedly took leave and was terminated in retaliation. It is also unclear which of the six named Defendants were on the board, or if the panel's meeting directly caused Plaintiff's termination or otherwise interfered with his FMLA rights.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual

allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Additionally, *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them. 775 F.2d 1274, 1276 (4th Cir. 1985).

3

## III. DISCUSSION

In their Motion, Defendants raise two objections to Plaintiff's Complaint. First, Defendants claim that Petersburg Water Dept. is not a proper defendant. Second, even if all of the parties are properly named, Defendants assert that Plaintiff does not allege sufficient facts to state a claim under the FMLA.

Petersburg Water Dept. is an improper party because it is a subdivision of the Petersburg municipality. Under Fed. R. Civ. P. 17(b), state law determines whether a governmental body may be sued in federal court. "In Virginia, departments of municipal governments are not capable of being sued in their own names." *Allmond v. Sec. 8 Dep't*, No. 03-894-A, 2003 U.S. Dist. LEXIS 28728, at *5 (E.D. Va. Sept. 25, 2003); *see also Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982) ("The capacity of a governmental unit to be sued in federal court is to be determined by reference to state law."). This rule has been applied to a diverse range of municipal departments in Virginia. *See, e.g., Allmond*, 2003 U.S. Dist. LEXIS 28728, at *5–6 (Department of Housing and Community Development); *Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1210 (E.D. Va. 1983) (Department of Economic Development, and Planning Commission); *Hearn*, 549 F. Supp. at 952 n.1 (Police Department).

Like the departments at issue in *Allmond*, *Davis*, and *Hearn*, Petersburg Water Dept. is, by all measures, not an entity separate from the City of Petersburg. Thus, Petersburg Water Dept. cannot be sued in its own name and is an improper party named in Plaintiff's Complaint.

Notably, in Virginia, "[e]very locality may . . . be sued in its own name in relation to all matters connected with its duties." Va. Code Ann. § 15.2-1404. While the Complaint incorrectly names Petersburg Water Dept., it is plausible that Plaintiff named the additional Defendant, Anthony Williams, Petersburg City Attorney, with the intent of serving process on the City of Petersburg. Va. Code Ann. § 8.01-300. This does not, however, cure the original error of naming Petersburg Water Dept. as a party, particularly because Plaintiff has failed to name the City of Petersburg as a Defendant.

Furthermore, Plaintiff does not allege facts sufficient to support a cognizable claim under the FMLA against Defendants. The FMLA creates two types of claims—interference and retaliation. 29 U.S.C. § 2615(a)(1)–(a)(2); *see Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 186 (4th Cir. 2017); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 546 (4th Cir. 2006). The FMLA allows employees to take twelve workweeks of leave during a twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." § 2612(a)(1)(D).

However, the Complaint fails to allege sufficient facts of how Plaintiff's rights were infringed by the various Defendants. It is unclear which claim under the FMLA—interference or retaliation—Plaintiff is alleging a violation of his rights. However, even liberally construing the Complaint, the Court cannot reach facial plausibility for either type of claim.

First, in order to prevail on an FMLA interference claim, Plaintiff must establish that "(1) he [was] entitled to an FMLA benefit; (2) his employer interfered with the

5

provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015); *see also Crawford v. Newport News Indus. Corp.*, No. 4:14cv130, 2018 U.S. Dist. LEXIS 98939, at *83 (E.D. Va. June 11, 2018); *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 975 (E.D. Va. 2012). Defendants argue that Plaintiff's descriptions of his alleged injury and dismissal are too vague to establish these elements.

Reading the Complaint in the light most favorable to Plaintiff, it is plausible Plaintiff was at least entitled to an FMLA benefit. Under the statute, conditions requiring "continuing treatment by a healthcare provider" are sufficient for entitlement to the FMLA benefits. § 2611(11)(B); *Osborne v. Suminoe Textile of Am. Corp.*, No. 7:13-11-TMC-KFM, 2014 U.S. Dist. LEXIS 104700, at *11–15 (D.S.C. June 2, 2014). Plaintiff alleges he sustained an injury to his back and that he is unable to "do what [he] used [to]." (ECF No. 4 at 9). The injury was allegedly severe enough to require a doctor's care for three months, and Plaintiff allegedly has "the right documents from F.M.L.A. and [his] doctor." (*Id.* at 6–7.)

However, Plaintiff has failed to establish the remaining two elements of an FMLA interference claim. The Complaint is unclear as to whether Plaintiff notified his employer of an intent to take leave, actually took or was denied leave, or otherwise had his FMLA benefits denied or interfered with by his employer, if Plaintiff was indeed entitled to it. The Complaint also fails to allege sufficient facts as to whether the alleged harm Plaintiff suffered was caused by any interference with Plaintiff's FMLA benefits by his employer.

Alternatively, to establish a claim of retaliation under the FMLA, Plaintiff would have to show the following: "[(1)] that he engaged in protected activity, [(2)] that the employer took adverse action against him, and [(3)] that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko*, 446 F.3d at 551 (quoting *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998)). If the adverse action (here, Plaintiff's alleged dismissal) occurred in temporal proximity to the protected FMLA activity, the third element is sufficiently established. *Payne v. Fairfax Cty.*, No. 1:05cv1446 (JCC), 2006 U.S. Dist. LEXIS 79725, at *13–14 (E.D. Va. Nov. 1, 2006) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). However, the facts provided in the Complaint do not establish that Plaintiff took leave or engaged in other protected activity. Furthermore, Plaintiff fails to allege that his dismissal was causally connected to any protected actions.

The Court cannot rely on conjecture as to which theory Plaintiff wishes to pursue—interference or retaliation.[2] However, even liberally construing the Complaint,

---

[2] Courts in this Circuit are split as to whether public employees can be sued in their individual capacity as employers under the FMLA. *See Ainsworth*, 851 F. Supp. 2d at 972, 974–75 ("[P]ublic employees may be sued in their individual capacities for alleged violations of the FMLA."); *Miller v. Cty. Of Rockingham*, No. 5:06cv53, 2007 U.S. Dist. LEXIS 23714, at *14 (W.D. Va. Mar. 30, 2007) ("[T]he Court concludes that the FMLA's individual liability provision does not extend to employees of public agencies."). The courts that have allowed these suits though have required allegations that these defendants "act directly or indirectly in the interests of their employer" and have sufficient control over the plaintiff's employment—such as exercising hiring and firing authority. *See, e.g., Ainsworth*, 851 F. Supp. 2d at 972, 974.

Notably, under either theory, the facts in the Complaint do not establish what role Defendants played in Plaintiff's dismissal, which of the named Defendants were directly responsible for his firing, or how Defendants were otherwise liable for his FMLA claim. However, because Plaintiff has otherwise failed to state a claim, this Court need not now decide whether the named individual Defendants here may be subject to suit under the FMLA.

neither theory is supported beyond a speculative level. As the Complaint lacks sufficient factual allegations to assess Plaintiff's FMLA claim, it will be dismissed for failure to state a claim under Fed R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For these reasons, the Motion to Dismiss (ECF No. 15) will be granted, and Plaintiff's Complaint will be dismissed without prejudice. Plaintiff is free to amplify the factual and legal bases upon which his claim rests and then refile with this Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 12, 2015
Richmond, Virginia